THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Capricia Hampton, Petitioner,
v.
State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Saluda County
J. Michael Baxley, Trial Judge
 James R. Barber, Post-Conviction Relief Judge

Memorandum Opinion No. 2005-MO-058
Submitted November 16, 2005  Filed December 12, 2005

AFFIRMED
AND
DISMISSED AS IMPROVIDENTLY GRANTED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Petitioner.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Sabrina C. Todd, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  We granted a writ of certiorari to review the circuit courts order denying Petitioners application for post-conviction relief (PCR) and granting her a belated review of her direct appeal issue pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974).
On Petitioners Question 1 and her direct appeal issue, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authority: Caprood v. State, 338 S.C. 103, 525 S.E.2d 514 (2000) (the findings of the PCR court will be upheld when there is any evidence of probative value to support them); State v. Irick, 344 S.C. 460, 545 S.E.2d 282 (2001) (The trial judges determination of admissibility will not be disturbed absent abuse of discretion resulting in prejudice to the complaining party.); State v. Taylor, 333 S.C. 159, 168, 508 S.E.2d 870, 874 (1998) (In homicide cases, evidence that the accused and the decedent had previous difficulty is admissible.  The evidence is admissible to show the animus of the parties and to aid the jury in deciding who was the probable aggressor.  The general details of the difficulty, however, are inadmissible.).  
On Petitioners Question 2, after careful review of the Appendix and Briefs, we dismiss the writ of certiorari as improvidently granted.
AFFIRMED AND DISMISSED AS IMPROVIDENTLY GRANTED.
 TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.  WALLER, J., not participating.